1  Matthew D. Benedetto (SBN 252379)
   matthew.benedetto@wilmerhale.com
2  WILMER CUTLER PICKERING
3   HALE AND DORR LLP
   350 South Grand Ave., Suite 2400
4  Los Angeles, CA 90071
   Telephone: (213) 443-5300
5  Facsimile: (213) 443-5400
6
7  *Attorney for Defendant Bank of America Corporation*
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COZETTE WILLNER, in her individual capacity, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION; EARLY WARNING SERVICES, LLC DBA ZELLEPAY.COM; AND DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-1430<br><br>**NOTICE OF REMOVAL**<br><br>State Court Docket: Superior Court of California, County of Los Angeles<br><br>Case No. 23STCV01554 |

1

**NOTICE OF REMOVAL**
*Willner v. Bank of America Corp.*

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant Bank of America Corporation ("Bank of America") hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

As grounds for removal, Bank of America states as follows:

**SUMMARY**

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

**PROCEDURAL HISTORY AND BACKGROUND**

3. On January 24, 2023, Plaintiff Cozette Willner filed a putative class action complaint captioned *Willner v. Bank of America Corporation; Early Warning Services, LLC DBA Zellepay.com; and Does 1-100*, Case No. 23STCV01554, in the Superior Court of California for the County of Los Angeles. A copy of the Complaint, together with all process, pleadings, and orders served on Bank of America in the state court action, are attached hereto.

4. In the Complaint, Plaintiff alleges that Bank of America "caused and/or allowed" six Zelle withdrawals of funds from Plaintiff's Bank of America bank account. Compl. ¶ 13. Plaintiff alleges she neither initiated nor authorized any of the withdrawals. *Id*. The Complaint asserts, on behalf of a putative class, violations

of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.), the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), and the California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq*.), and brings a claim for restitution. *Id*. ¶¶ 14, 24-53. Plaintiff seeks general, special, treble, and punitive damages according to proof; temporary, preliminary, and permanent injunctive relief; restitution; and attorneys' fees and costs. *Id*. at 11-12. Bank of America disputes the allegations in the Complaint and disputes that Plaintiff is entitled to any relief.

5.   Plaintiff served Bank of America with the original complaint and summons on January 25, 2023. Bank of America's time to respond to the Complaint and summons has not expired, and Bank of America has not served or filed an answer.

6.   This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed less than 30 days from January 25, 2023, the date on which Bank of America was served with a copy of the Complaint and summons. No previous notice of removal has been filed or made to this Court for the relief sought herein.

7.   Defendant Early Warning Services, LLC ("EWS") consents to removal of this action.

8.   This action is removable to this Court because Los Angeles County is located in the Central District of California. *See* 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

9.   A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

10.  This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (D) in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d).  This action satisfies these requirements.

### A. This Action is a Putative Class Action

12. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Section 382 is the California state analog to Federal Rule of Civil Procedure 23. *See Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

14. Plaintiff brings her action "as a class action pursuant to California Code of Civil Procedure § 382" on behalf of "[a]ll California residents who had unauthorized Zelle withdrawals from their Bank of America account at any time from four years prior to the filing of this Complaint (plus any tolling) through trial (the "Class Period")." Compl. ¶ 14. This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2)

### B. The Putative Class is Sufficiently Numerous

15. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

16. Plaintiff estimates that there are "most likely hundreds or thousands of persons" in her proposed class. Compl. ¶ 16. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

### C. There is Diversity of Citizenship Between The Parties.

17. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. Plaintiff is a "resident of Los Angeles County in California." Compl. ¶ 4.

19. Bank of America is a "corporation formed under the laws of Delaware with its principal place of business in the State of North Carolina." *Id*. ¶ 5.

20. Because Plaintiff is a citizen of California and Bank of America is a citizen of North Carolina, this is a putative class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Diversity of citizenship accordingly exists between the parties.

### D. The Amount in Controversy Exceeds $5,000,000

21. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a

1. prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

22. Plaintiff seeks general, special, treble, and punitive damages according to proof; temporary, preliminary, and permanent injunctive relief; restitution; and attorneys' fees and costs on behalf of a proposed class which, as noted, allegedly numbers in the hundreds or thousands. *See* Compl. at 11-12.

23. The amount in controversy in this matter appears to be the total value of the alleged unauthorized transfers out of Plaintiff's account ($682.00), as well as the total value of all similar claims by California residents who allege unauthorized Zelle withdrawals from their Bank of America accounts at any time during the four years preceding filing of the Complaint. *See id.* ¶¶ 13-14.

24. Bank of America denies that it is liable to Plaintiff or the putative class in any way whatsoever. But if a court were to order the specific relief that Plaintiff demands, the amount would exceed $5,000,000. *See* Daniels Decl. ¶ 2. Plaintiff's requested equitable relief would also impose substantial additional burdens on Bank of America. Thus, the amount in controversy requirement for removal under CAFA is satisfied.

## OTHER PROCEDURAL MATTERS

25. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), Bank of America will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

26. Upon the filing of this Notice of Removal, Bank of America will promptly file a Notification of Filing of Notice of Removal with the Clerk of the

Superior Court of California, County of Los Angeles, in accordance with 28 U.S.C. § 1446(d).

27. By filing this Notice of Removal, Bank of America does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the complaint state a valid claim under any applicable law.

28. Bank of America reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

**NOTICE TO STATE COURT AND PLAINTIFF**

Counsel for Bank of America certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, and given to Plaintiff's counsel promptly. WHEREFORE, the case now pending in the Superior Court of California, County of Los Angeles, Case No. 23STCV01554, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

Respectfully submitted,

Dated: February 24, 2023

/s/ Matthew D. Benedetto
Matthew D. Benedetto (SBN 252379)
matthew.benedetto@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorney for Defendant*
*Bank of America Corporation.*

